IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BONITA SANDBERG, MICHAEL WAGNER, AND KYLE SISSON, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFFS | § § | |
| V. | § § | CIVIL ACTION NO. 1:09-CV-00763-LY |
| PERRY HOMES, A JOINT VENTURE AND PERRY HOMES, LLC | § § § § | COLLECTIVE ACTION (JURY DEMANDED) |
| DEFENDANTS | § § § | |

## DEFENDANTS' MOTION TO COMPEL RESPONSIVE DOCUMENTS

Defendants, Perry Homes, A Joint Venture, and Perry Homes, LLC (collectively, "Defendants" or "Perry Homes"), file this Motion to Compel Responses to Requests for Production of Documents and Subpoenas Duces Tecum from Michael Wagner, Kyle Sisson, Bonita Sandberg, Mark Richards, Clifford Scrutchin, Darrel Royer, and Terri Cadoree.

On January 4, 2010, this Court ordered the parties to complete precertification discovery in this matter by January 29, 2010, and suggested that the parties agree as to which depositions will be taken and what documents will be exchanged prior to the precertification discovery deadline. This Court specifically contemplated that written discovery would be exchanged, as well as depositions taken.[1] After the hearing, the undersigned counsel indicated that he would need some documents from the Plaintiffs and opt-ins being deposed, but there was admittedly no discussion amongst counsel about identifying those documents at that time. After being provided dates and times for depositions, Defendants, on January 7, 2010, served an identical

---

[1] Jan. 4, 2010 Hearing Tr. at page 38, line 23- page 39, line 1-7, attached hereto as Exhibit "1".

Subpoena Duces Tecum comprised of six (6) items in conjunction with the seven agreed-upon depositions in the *Sandberg Case*. The requests were limited to the precertification issues and Plaintiffs' Motion for Protective Order, as ordered by this Court. Plaintiffs appeared at the depositions, but produced *no* documents responsive to the requests, serving improper form objections, attached hereto as Exhibit "2", which were hand-delivered to counsel immediately before the commencement of the first Houston-based opt-in Plaintiff's deposition on Tuesday, January 19, 2010. Plaintiffs' counsel objected and instructed all of her clients not to answer any questions related to the Subpoena Duces Tecum, including whether they had in their possession any responsive documents. *See, e.g.,* deposition testimony of Terri Cadoree, attached hereto as Exhibit "3". By failing to respond to Perry Homes' Request for Documents, Plaintiffs are prejudicing Defendants' ability to properly respond to Plaintiffs' motion to conditionally certify a putative collective class. Defendants now respectfully urge this Court to order the seven Plaintiffs who were deposed to produce all responsive documents to Defendants' pre-certification requests for production.

The Court may compel responses to discovery if a party provides discovery responses that are incomplete or evasive. *See,* Fed. R. Civ. P. 37(a)(3), (4). Discovery may be obtained about any matter not privileged that is relevant to the claims and defenses in the lawsuit, or if it appears "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). Plaintiffs have refused to produce *any* documents responsive to Defendants' requests for production, which are clearly relevant to certification issues.

The factual issue central to this Court's determination of the pre-certification matter is the day-to-day duties of the Plaintiffs and whether or not they performed their duties in the same manner as other Sales Professionals, i.e., in a manner that falls within the outside sales

2

exemption set forth in 29 U.S.C. §213(a)(A), and further defined by the DOL opinion letters,

Wage and Hour Div. Op. Letters 2007-1, January 25, 2007 and 2007-2, January 25, 2007 ("the

DOL Opinion Letters"), attached as Exhibit "4". As outlined in the DOL Opinion Letters, the

central factual inquiry will be how often the Plaintiffs were engaged away from the model homes

while performing their duties as Sales Professionals for Perry Homes. In their efforts to establish

the actual day-to-day duties, Defendants requested certain documents from Plaintiffs which

would evidence communications between Perry Homes and Plaintiffs regarding their day-to-day

duties of walking the spec houses and lots within the communities, traveling to meet with local

realtors, and other such duties that are outside the model home, and also evidence Perry Homes'

expectation and Plaintiffs' own descriptions as to the manner in which they performed these

duties (Request No 1); communications amongst Plaintiffs in this suit and other employees of

Perry Homes (Request No. 2); Plaintiffs' calendars and appointment books which would

illustrate their activities and meetings outside of the model home (Request No. 3); documents

relating to meetings with realtors which would demonstrate how often they were outside the

model homes visiting local realtors (Request No. 4); visitor logs and prospect logs which would

evidence fact-witnesses who can testify that Plaintiffs left the model home to show them around

the subdivision and prospective homes (Request No. 5); and portions of Plaintiffs' federal

income tax returns which would evidence the deduction each Plaintiff took for the business use

of their personal automobile (Request No. 6).[2]

---

[2] Before Ms. Wills instructed the Plaintiffs not to answer any questions about whether each took such a deduction or not, the first witness deposed, Terri Cadoree, admitted that she took a deduction for the business use of her car during calendar years 2006, 2007 and 2008. Exhibit "3". This would necessarily mean that all deducted mileage or amounts would relate to business use of the automobile other than commuting to and from the sales professionals' residence to the model home, which is the sales professional's regular work place. *See,* http://www.irs.gov/publications/p463/ch04.html. ("You cannot deduct the costs of driving a car between your home and your main or regular place of work. These costs are personal commuting expenses. You cannot deduct commuting expenses no matter how far your home is from your regular place of work. You cannot deduct commuting expenses even if you work during the commuting trip.") Any actual deduction amount would

In response to requests 1-6, Plaintiffs assert the following form objections:

(1) Plaintiffs object that this request on the grounds that it is beyond the discovery permitted by the Court at this time.  It further violates the Court's order staying discovery.

(2) Plaintiffs further object to this request on the grounds that it calls for disclosure of any information that constitutes or is protected by the following privilege and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) physician-patient privilege; (e) the joint defense privilege, (f) community of interest privilege; (g) common interest privilege; and/or (f) any other privilege.

(3) Plaintiffs further object that this request fails to comply with and violates Fed. R. Civ. P. 34.

(4) Plaintiffs further object to this request on the grounds that is seeks documents containing information of a confidential, private, personally sensitive, and/or proprietary nature.

(5) Plaintiffs further object to the request on the grounds that [sic] is overly broad, vague, ambiguous, and unduly burdensome and not limited in time and scope.

(6) Plaintiffs further object that the[sic] it requests information that is irrelevant, and that the request is harassing, not reasonably calculated to lead to the discovery of admissible evidence.

(7) Plaintiffs further object that these documents are readily available to Defendants and in Defendants' possession.  Moreover, such documents are already in the constructive possession of Defendants and would be equally attainable and accessible to Defendants.

In response to Request No. 6, which seeks copies of portions of Plaintiffs' federal income

tax returns, Plaintiffs asserted all of the above objections with the exception of number 7.

These form stock objections are improper and unfounded. *See,* Fed. R. Civ. P. 34(b)(2).

For example, there are no documents to which the physician-client privilege applies in this FLSA

---

correspond to activities performed on behalf of Perry Homes away from their place of business.  Accordingly, Defendants are entitled to any portion of Plaintiffs' income tax returns for the last three years, including any schedules, showing any such business deduction and to further discover the amount of mileage or the amount of deduction that the Plaintiffs took for each year that they claim they did not fall within the Outside Sales exemption. Obviously, a higher deduction would evidence a greater incidence of that sales professional's business use of his/her car away from the model home.

misclassification case. "[B]oilerplate objections are not acceptable," and "specific objections are required in responding to a Rule 34 request." *See, e.g., Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.,* 258 F.R.D. 149 (S.D.Tex. 2009), citing Rule 33(b)(4)'s requirement that an objection be "stated with specificity." The Fifth Circuit requires that "the 'party resisting discovery' must show specifically how. . . each [request] is not relevant or how each question is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (holding that objections to document requests on the ground that they were "overly broad, burdensome, oppressive, and irrelevant" were insufficient) (citations omitted); *S.E.C. v. Brady,* 238 F.R.D. 429, 436 (N.D.Tex.2006) ("The burden is on the party who opposes its opponent's request for production to show specifically how. . . each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive") (internal citations omitted). "In order to satisfy its burden, the objecting party must make a specific, detailed showing of how a request is burdensome. A mere statement by a party that a request is overly broad and unduly burdensome is not adequate to voice a successful objection. Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request. A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *Brady,* 238 F.R.D. at 437 [citations omitted].

Moreover, as stated above and as reflected in the transcript excepts attached as Exhibit "1", the Court specifically contemplated that Defendants would be provided documents during the pre-certification discovery phase of this lawsuit. Plaintiffs' refusal to comply with Defendants' reasonable requests, and refusal to even answer deposition questions about whether

5

responsive documents exist, warrant the Court's entering an order compelling production of the requested documents. Defendants respectfully request that this Court overrule Plaintiffs' improper objections and respond fully to Defendants' Requests for Production of Documents in the Subpoenas Duces Tecum, attached to each of their deposition notices.

Respectfully submitted,

GARDERE WYNNE SEWELL LLP

By:___/s/ Geoffrey H. Bracken_____
Geoffrey H. Bracken (TBA #02809750)
gbracken@gardere.com
Merritt B. Chastain, III (TBA #00793491)
mchastain@gardere.com
Laura J. Goodson (TBA #24045959)
lgoodson@gardere.com
1000 Louisiana, Suite 3400
Houston, Texas 77002
Telephone:    (713) 276-5000
Facsimile:    (713) 276-5555

GARDERE WYNNE SEWELL LLP

Edward D. ("Ed") Burbach (TBA #03355250)
eburbach@gardere.com
600 Congress Avenue, Suite 300
Austin, Texas 78701-2978
Telephone:    (512) 542-7000
Facsimile:    (512) 542-7100

ATTORNEYS-IN-CHARGE FOR
DEFENDANTS, PERRY HOMES, A JOINT
VENTURE, AND PERRY HOMES, LLC

OF COUNSEL:

By:___/s/ Michael C. Brisch_____
    Michael C. Brisch (TBA #00790372)
    brischm@perryhomes.net
    Perry Homes, LLC
    9000 Gulf Freeway, Floor 3
    Houston, TX  77017-7018
    Telephone:    (713) 948-7841
    Facsimile:    (713) 331-8046

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Broadus A. Spivey, counsel for Plaintiffs, about this

Motion.  He indicated that he opposed the Motion.

> /s/ Geoffrey H. Bracken
> GEOFFREY H. BRACKEN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered to

Plaintiffs via the court's electronic case filing system on the 29th day of January, 2010.

Broadus A. Spivey
State Bar No. 00000076
48 East Avenue
Austin, TX  78701
bas@spivey-law.com

> s/ Geoffrey H. Bracken
> GEOFFREY H. BRACKEN

7

HOUSTON 1061873v.1