# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BONITA SANDBERG, ET AL. | § § § | |
| | § | A-09-CV-763 LY |
| V. | § § | |
| PERRY HOMES, A JOINT VENTURE, AND PERRY HOMES, LLC | § § § | |

\* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JOSHUA WILLIS, ET AL. | § § | |
| V. | § § | A-09-CV-799 LY |
| PERRY HOMES, A JOINT VENTURE, AND PERRY HOMES, LLC | § § § | |

## ORDER

Before the Court are: Defendants' Motion to Compel Responsive Documents (No. 86 in A-09-CV-763 LY) and Defendants' Motion to Compel Responsive Documents and Deposition Testimony of Opt-In Plaintiffs (No. 41 in A-09-CV-799 LY), and the Plaintiffs' Responses. The district judge referred the above-motions to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. As stated at the hearing held on March 4, 2010, the Court finds that the Motions to Compel should be DENIED.

On October 19, 2009, in A-09-CA-763 LY, Plaintiffs Bonita Sandberg, Michael Wagner, and Kyle Sission filed a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") on behalf of themselves and all other similarly situated salespersons who worked for Defendants Perry Homes, A Joint Venture, and Perry Homes, L.L.C. ("Defendants") in the last three

years, seeking payment for overtime wages they allege they are owed ("*Sandberg* Case").[1] A few weeks later, Plaintiffs Joshua Willis and Robert Thompson filed a similar collective action under the FLSA on behalf of themselves and all other similarly situated non-supervisory construction staff with the job title of Assistant Project Manager or Project Manager who worked for Defendants in the last three years. See A-09-CV-799 LY ("*Willis* Case").[2] In response to Plaintiffs' claims, Defendants argue that the Plaintiffs are not entitled to overtime compensation because they are exempt under certain statutory provisions of the FLSA.

On November 24, 2009, the *Sandberg* Plaintiffs filed a Motion for Expedited Notice and Conditional Certification requesting that the Court conditionally certify a FLSA collective action consisting of all salespersons who were employed by Defendants in the last three years on the basis that Defendants improperly classified their salespersons as exempt employees under the FLSA and paid them commission only, with no overtime compensation. See Clerk's Docket No. 41 in A-09-CA-763 LY.[3] Plaintiffs claim that they are "similarly situated" because they (1) had the same or similar job responsibilities; and (2) were compensated solely on a commission basis without any provision for overtime compensation.

On January 4, 2010, the district judge held a hearing on several pending motions in these cases, including the Defendants' Motion to Dismiss/Transfer Venue and their Motion to Stay

---

[1] In addition to the named Plaintiffs, 48 additional Plaintiffs have filed a Notice of Consent to join the lawsuit.

[2] In addition to the two named Plaintiffs in the case, seven additional plaintiffs have filed a Notice to Consent to joint this collection action.

[3] The *Willis* Plaintiffs filed their Motion for Notice and Conditional Certification on January 8, 2010. See Clerk's Docket No. 36 in A-09-CV-799 LY.

Discovery (Clerk's Docket No. 27). After denying the Defendants' Motion to Dismiss/Transfer Venue, the Court asked the Defendants how much discovery, if any, they needed to respond to the motion for certification. Defendants' counsel, Geoffrey Bracken, stated that he could complete the limited discovery in 30 days. Tr. at 36-7. Based on Mr. Bracken's representations, the Court granted the parties discovery limited "solely to the question of class certification" to be completed by January 29, 2010. Tr. at 37-8. The Court stayed all other discovery in the case in order to restrict the Parties to "what needs to be done for class certification . . . and not have you running around taking a bunch of depositions and spend a lot of money and doing a lot of work on what might be the merit[s] of this case." Tr. at 40. The Court informed the Parties that once he ruled on the certification issue, he would "sit down and work out the schedule and discovery for the rest of the case." *Id.* Regarding discovery, the Court ordered the Parties to "agree on what depositions you are going to take and what documents you are going to exchange and get it done by the 29th." Tr. at 39. The Court warned the Parties that:

> [I]n my court I really just have one rule, and that is, I expect the lawyers to demean themselves like the professionals they are and to not argue over little things. So in that regard, I require the lawyers to remain in constant contact during a case, to agree on things that do not affect the outcome.

Tr. at 37. The Court further informed the Parties that if they were unable to come to an agreement on a discovery issue during this brief period, they were ordered to contact the Court to set up a conference call to dispose of the matter. *Id.* at 39.

During the January hearing, Mr. Bracken also requested permission to serve on Plaintiffs "very short" requests for admission and follow-up interrogatories regarding the certification issue. Tr. at 41. Judge Yeakel questioned how the Defendants would complete such additional discovery

3

by the January 29th deadline, and suggested that such simple matters might be able to be addressed by stipulations, but nevertheless ordered the Parties to meet after the hearing to agree to what information would be turned over to the Defendants. Judge Yeakel again advised the Parties that if they could not come to an agreement, they would need to contact his chambers and he would set up a conference call to resolve the issue. Tr. at 41.

Following the hearing, the parties apparently reached agreements on depositions. Further, defense counsel indicated that he might want a small number of documents, but did not identify what those might be. Ultimately, Defendant's counsel chose not to send Plaintiffs any requests for admission or interrogatories. On January 7, 2010, Defendants served the *Sandberg* Plaintiffs with deposition notices that included subpoenas duces tecum requesting documents from Michael Wagner, Kyle Sission, Bonita Sandberg, Mark Richards, Clifford Scrutchin, Darrel Royer and Terri Cadoree. Defendants also served the *Willis* Plaintiffs with similar subpoenas, and sought the depositions of Opt-In Plaintiffs. Prior to serving these requests—which went beyond what had been agreed to at the January 4 conference—Mr. Bracken did not contact Plaintiff's counsel to confer about the additional discovery he was seeking.

In response to the discovery requests, Plaintiffs filed objections arguing that (1) the requests violate the district judge's mandate that discovery was to be completed by January 29, 2010; (2) the requests violate the district judge's ruling that discovery was only permitted on the issue of certification, and not on the merits of the case; and (3) the requests violate Federal Rule of Civil Procedure 34 (granting a party 30 days to respond to a document request). After receiving Plaintiffs' objections, instead of following the clear instruction to contact Judge Yeakel's chambers to request a conference call so that the dispute could be resolved expeditiously, Defendants filed the instant

Motions to Compel on the day before, and the day itself, (respectively) that the certification discovery period was to end. When asked why he had not followed Judge Yeakel's order that the parties contact his chambers to resolve any disagreements on discovery during this initial period, Mr. Bracken inexplicably replied "I don't know."

The motions to compel themselves fail to comply with the Local Court Rules for the Western District of Texas. Local Court Rule CV-7(h) provides that:

> [t]he Court may refuse to hear or may deny a nondispositive motion unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason(s) that no agreement could be made.

Although Mr. Bracken included a Certificate of Conference with the two motions to compel, it does not appear that he even talked to opposing counsel before filing the motions. In fact, during the hearing before the undersigned, Plaintiffs' counsel Rhonda Wills stated on the record that she and her co-counsel, Broadus Spivey, had both made several attempts to contact Mr. Bracken regarding the discovery dispute at issue in the instant motions, but that he had failed to return their telephone calls. Mr. Bracken failed to deny these accusations. Thus, it does not appear that Mr. Bracken "conferred in a good-faith attempt to resolve the matter by agreement" as required by Local Court Rule CV-7(h).

In addition to violating the district judge's orders to confer with opposing counsel, Defendants' discovery requests also go beyond Judge Yeakel's directive that the discovery be limited to information related to the narrow issue of certification, and not seek information on the merits of the case. During the hearing in this case, defense counsel admitted that Defendants were attempting to acquire documents which could prove to be "dispositive" of the case since they would reveal

whether the Plaintiffs would fall within certain exemptions under the FLSA. As Judge Yeakel clearly explained to the parties at the January hearing, and as the Defendants are well aware based on prior rulings from this Court, the Court will not consider a defendant's arguments on the merits of the case during this initial "notice stage" of the collective action. See A-08-CA-248 JRN (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir.1995) & *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987) (describing the two-stage certification process available in FLSA cases)). Thus, even if the motions did not suffer from the procedural deficiencies addressed above, the Defendants' motions to compel should be denied because they seek information which goes to the merits of the case, and the depositions the Defendants have already conducted are more than adequate to allow them to respond to the conditional certification motions.

Based upon the foregoing, Defendants' Motion to Compel Responsive Documents (No. 86 in A-09-CV-763 LY) and Defendants' Motion to Compel Responsive Documents and Deposition Testimony of Opt-In Plaintiffs (No. 41 in A-09-CV-799 LY) are HEREBY DENIED.

SIGNED this 11th day of March, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE