IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BONITA SANDBERG, MICHAEL WAGNER, KYLE SISSON, BEVERLY COGHILL, LINDA JONES, GARY LEE, LUZ MAR LEON, RAMON MATA, ELAINE SHEARER, DENISE ARONSON, CAROLYN DIBELLO, JAMES HUGHES, BRENDA MCKINNEY, JOSEPH MILLS, EMMANUEL CAFEO, KENNETH GUTIERREZ, MADELEINE NGO, JEANETTE NOYOLA, DARREL ROYER, CLIFFORD SCRUTCHIN, TERRI CADOREE, DEIDRE LOWDE, MARK RICHARDS, PETER STECKLER, BRENDA BELL, DARREL BORDEN, LARRY HUDSON, STEVEN WEBB, JAMES ZWERNEMANN, ROBERT ROHALY, NORRITA JOHNSON, JENNIFER SABIN, CARLOS DE LA GARZA, CHRISTOPHER RYAN, JOSEPH ACCARDO, TERRY JONES, ROBERT LIGHT, WALLACE SCOTT, DAVID GERVAIS, SUZANNE MCGIVNEY, PAMELA DUNN, JANET HILLS, RENE HIGHTIRE, DONNA CUNNINGHAM, GUADELUPE ARREDONDO, MELTRIX WILLIAMS, KIMBANESHA WRIGHT JACKSON, ANNIE STEPHENS, WILLIAM WIMBISH, AND GARY MCCLELLAND, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br>PLAINTIFFS,<br><br>v.<br><br>PERRY HOMES, A JOINT VENTURE, AND PERRY HOMES, LLC<br><br>DEFENDANTS. | CIVIL ACTION NO. 1:09-CV-00763-LY<br><br>COLLECTIVE ACTION<br>(JURY DEMANDED) |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Bonita Sandberg, Michael Wagner, and Kyle Sisson, Beverly Coghill, Linda Jones, Gary Lee, Luz Mar Leon, Ramon Mata, Elaine Shearer, Denise Aronson,

1

**Carolyn Dibello, James Hughes, Brenda McKinney, Joseph Mills, Emmanuel Cafeo, Kenneth Gutierrez, Madeleine Ngo, Jeanette Noyola, Darrel Royer, Clifford Scrutchin, Terri Cadoree, Deidre Lowde, Mark Richards, Peter Steckler, Brenda Bell, Darrel Borden, Larry Hudson, Steven Webb, James Zwernemann, Robert Rohaly, Norrita Johnson, Jennifer Sabin, Carlos de la Garza, Christopher Ryan, Joseph Accardo, Terry Jones, Robert Light, Wallace Scott, David Gervais, Suzanne McGivney, Pamela Dunn, Janet Hills, Rene Hightire, Donna Cunningham, Guadelupe Arredondo, Meltrix Williams, Kimbanesha Wright Jackson, Annie Stephens, William Wimbish, and Gary McClelland** (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated and file this First Amended Complaint against Perry Homes, A Joint Venture and Perry Homes, LLC (collectively, "Defendants" or "Perry Homes"), and in support thereof would show as follows:

## I. INTRODUCTION

1.1    Plaintiffs, on behalf of themselves and all others similarly situated who have worked for Defendants as salespersons throughout Texas in the three years preceding the filing of this lawsuit, bring this collective action to recover overtime compensation, minimum wages and other wages, liquidated damages, attorney's fees, costs of court, pre-judgment and post-judgment interest and injunctive relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

1.2    The collective action consists of current and former individuals who worked for Perry Homes or their subsidiaries or divisions, who in the three years preceding the filing of this suit were misclassified as exempt and were not paid minimum wages and/or overtime compensation at time and one half for hours they worked over 40 in a week in violation of the FLSA and whose job duties included performing sales of newly constructed homes from a Perry Homes sales office. The collective action includes, without limitation, any individual with the

2

job title of Sales Professional, Sales Manager or with any title who performed similar duties of the named Plaintiffs and was paid as a commissioned, exempt employee (referred to herein as a "salesperson").

      1.3     Plaintiffs and all others similarly situated demand a jury trial.

## II.  PARTIES

**A.**    **PLAINTIFFS**

*Named Plaintiffs*

      2.1     At all relevant times, Plaintiff Bonita Sandberg was employed by Defendants within the meaning of the FLSA as a salesperson. Bonita Sandberg's Notice of Consent was previously filed with the Court as Doc. # 3.

      2.2     At all relevant times, Plaintiff Michael Wagner was employed by Defendants within the meaning of the FLSA as a salesperson. Michael Wagner's Notice of Consent was previously filed with the Court as Doc. # 3.

      2.3     At all relevant times, Plaintiff Kyle Sisson was employed by Defendants within the meaning of the FLSA as a salesperson. Kyle Sisson's Notice of Consent was previously filed with the Court as Doc. # 3.

      2.4     At all relevant times, Plaintiff Beverly Coghill was employed by Defendants within the meaning of the FLSA as a salesperson. Beverly Coghill's Notice of Consent was previously filed with the Court as Doc. # 4.

      2.5     At all relevant times, Plaintiff Linda Jones was employed by Defendants within the meaning of the FLSA as a salesperson. Linda Jones's Notice of Consent was previously filed with the Court as Doc. # 5.

2.6     At all relevant times, Plaintiff Gary Lee was employed by Defendants within the meaning of the FLSA as a salesperson.  Gary Lee's Notice of Consent was previously filed with the Court as Doc. # 6.

2.7     At all relevant times, Plaintiff Luz Mar Leon was employed by Defendants within the meaning of the FLSA as a salesperson.  Luz Mar Leon's Notice of Consent was previously filed with the Court as Doc. # 7.

2.8     At all relevant times, Plaintiff Ramon Mata was employed by Defendants within the meaning of the FLSA as a salesperson.  Ramon Mata's Notice of Consent was previously filed with the Court as Doc. # 8.

2.9     At all relevant times, Plaintiff Elaine Shearer was employed by Defendants within the meaning of the FLSA as a salesperson.  Elaine Shearer's Notice of Consent was previously filed with the Court as Doc. # 9.

2.10    At all relevant times, Plaintiff Denise Aronson was employed by Defendants within the meaning of the FLSA as a salesperson.  Denise Aronson's Notice of Consent was previously filed with the Court as Doc. # 10.

2.11    At all relevant times, Plaintiff Carolyn Dibello was employed by Defendants within the meaning of the FLSA as a salesperson.  Carolyn Dibello's Notice of Consent was previously filed with the Court as Doc. # 11.

2.12    At all relevant times, Plaintiff James Hughes was employed by Defendants within the meaning of the FLSA as a salesperson.  James Hughes's Notice of Consent was previously filed with the Court as Doc. # 12.

2.13    At all relevant times, Plaintiff Brenda McKinney was employed by Defendants within the meaning of the FLSA as a salesperson.  Brenda McKinney's Notice of Consent was previously filed with the Court as Doc. # 13.

2.14    At all relevant times, Plaintiff Joseph Mills was employed by Defendants within the meaning of the FLSA as a salesperson.  Joseph Mills's Notice of Consent was previously filed with the Court as Doc. # 14.

2.15    At all relevant times, Plaintiff Emmanuel Cafeo was employed by Defendants within the meaning of the FLSA as a salesperson.  Emmanuel Cafeo's Notice of Consent was previously filed with the Court as Doc. # 15.

2.16    At all relevant times, Plaintiff Kenneth Gutierrez was employed by Defendants within the meaning of the FLSA as a salesperson.  Kenneth Gutierrez's Notice of Consent was previously filed with the Court as Doc. # 15.

2.17    At all relevant times, Plaintiff Madeleine Ngo was employed by Defendants within the meaning of the FLSA as a salesperson.  Madeleine Ngo's Notice of Consent was previously filed with the Court as Doc. # 15.

2.18    At all relevant times, Plaintiff Jeanette Noyola was employed by Defendants within the meaning of the FLSA as a salesperson.  Jeanette Noyola's Notice of Consent was previously filed with the Court as Doc. # 15.

2.19    At all relevant times, Plaintiff Darrel Royer was employed by Defendants within the meaning of the FLSA as a salesperson.  Darrel Royer's Notice of Consent was previously filed with the Court as Doc. # 15.

2.20    At all relevant times, Plaintiff Clifford Scrutchin was employed by Defendants within the meaning of the FLSA as a salesperson.  Clifford Scrutchin's Notice of Consent was previously filed with the Court as Doc. # 15.

2.21    At all relevant times, Plaintiff Terri Cadoree was employed by Defendants within the meaning of the FLSA as a salesperson.  Terri Cadoree's Notice of Consent was previously filed with the Court as Doc. # 16.

2.22     At all relevant times, Plaintiff Deidre Lowde was employed by Defendants within the meaning of the FLSA as a salesperson.  Deidre Lowde's Notice of Consent was previously filed with the Court as Doc. # 16.

2.23     At all relevant times, Plaintiff Mark Richards was employed by Defendants within the meaning of the FLSA as a salesperson.  Mark Richards's Notice of Consent was previously filed with the Court as Doc. # 16.

2.24     At all relevant times, Plaintiff Peter Steckler was employed by Defendants within the meaning of the FLSA as a salesperson.  Peter Steckler's Notice of Consent was previously filed with the Court as Doc. # 16.

2.25     At all relevant times, Plaintiff Brenda Bell was employed by Defendants within the meaning of the FLSA as a salesperson.  Brenda Bell's Notice of Consent was previously filed with the Court as Doc. # 17.

2.26     At all relevant times, Plaintiff Darrel Borden was employed by Defendants within the meaning of the FLSA as a salesperson.  Darrel Borden's Notice of Consent was previously filed with the Court as Doc. # 17.

2.27     At all relevant times, Plaintiff Larry Hudson was employed by Defendants within the meaning of the FLSA as a salesperson.  Larry Hudson's Notice of Consent was previously filed with the Court as Doc. # 20.

2.28     At all relevant times, Plaintiff Steven Webb was employed by Defendants within the meaning of the FLSA as a salesperson.  Steven Webb's Notice of Consent was previously filed with the Court as Doc. # 23.

2.29     At all relevant times, Plaintiff James Zwernemann was employed by Defendants within the meaning of the FLSA as a salesperson.  James Zwernemann's Notice of Consent was previously filed with the Court as Doc. # 23.

2.30    At all relevant times, Plaintiff Robert Rohaly was employed by Defendants within the meaning of the FLSA as a salesperson.  Robert Rohaly's Notice of Consent was previously filed with the Court as Doc. # 24.

2.31    At all relevant times, Plaintiff Norrita Johnson was employed by Defendants within the meaning of the FLSA as a salesperson.  Norrita Johnson's Notice of Consent was previously filed with the Court as Doc. # 28.

2.32    At all relevant times, Plaintiff Jennifer Sabin was employed by Defendants within the meaning of the FLSA as a salesperson.  Jennifer Sabin's Notice of Consent was previously filed with the Court as Doc. # 28.

2.33    At all relevant times, Plaintiff Carlos de la Garza was employed by Defendants within the meaning of the FLSA as a salesperson.  Carlos de la Garza's Notice of Consent was previously filed with the Court as Doc. # 29.

2.34    At all relevant times, Plaintiff Christopher Ryan was employed by Defendants within the meaning of the FLSA as a salesperson.  Christopher Ryan's Notice of Consent was previously filed with the Court as Doc. # 29.

2.35    At all relevant times, Plaintiff Joseph Accardo was employed by Defendants within the meaning of the FLSA as a salesperson.  Joseph Accardo's Notice of Consent was previously filed with the Court as Doc. # 35.

2.36    At all relevant times, Plaintiff Terry Jones was employed by Defendants within the meaning of the FLSA as a salesperson.  Terry Jones's Notice of Consent was previously filed with the Court as Doc. # 35.

2.37    At all relevant times, Plaintiff Robert Light was employed by Defendants within the meaning of the FLSA as a salesperson.  Robert Light's Notice of Consent was previously filed with the Court as Doc. # 35.

2.38 At all relevant times, Plaintiff Wallace Scott was employed by Defendants within the meaning of the FLSA as a salesperson. Wallace Scott's Notice of Consent was previously filed with the Court as Doc. # 40.

2.39 At all relevant times, Plaintiff David Gervais was employed by Defendants within the meaning of the FLSA as a salesperson. David Gervais's Notice of Consent was previously filed with the Court as Doc. # 42.

2.40 At all relevant times, Plaintiff Suzanne McGivney was employed by Defendants within the meaning of the FLSA as a salesperson. Suzanne McGivney's Notice of Consent was previously filed with the Court as Doc. # 49.

2.41 At all relevant times, Plaintiff Pamela Dunn was employed by Defendants within the meaning of the FLSA as a salesperson. Pamela Dunn's Notice of Consent was previously filed with the Court as Doc. # 50.

2.42 At all relevant times, Plaintiff Janet Hills was employed by Defendants within the meaning of the FLSA as a salesperson. Janet Hills's Notice of Consent was previously filed with the Court as Doc. # 64.

2.43 At all relevant times, Plaintiff Rene Hightire was employed by Defendants within the meaning of the FLSA as a salesperson. Rene Hightire's Notice of Consent was previously filed with the Court as Doc. # 67.

2.44 At all relevant times, Plaintiff Donna Cunningham was employed by Defendants within the meaning of the FLSA as a salesperson. Donna Cunningham's Notice of Consent was previously filed with the Court as Doc. # 72.

2.45 At all relevant times, Plaintiff Guadalupe Arredondo was employed by Defendants within the meaning of the FLSA as a salesperson. Guadalupe Arredondo's Notice of Consent was previously filed with the Court as Doc. # 80.

2.46	At all relevant times, Plaintiff Meltrix Williams was employed by Defendants within the meaning of the FLSA as a salesperson. Meltrix Williams's Notice of Consent was previously filed with the Court as Doc. # 82.

2.47	At all relevant times, Plaintiff Kimbanesha Wright Jackson was employed by Defendants within the meaning of the FLSA as a salesperson. Kimbanesha Wright Jackson's Notice of Consent was previously filed with the Court as Doc. # 82.

2.48	At all relevant times, Plaintiff Annie Stephens was employed by Defendants within the meaning of the FLSA as a salesperson. Annie Stephens's Notice of Consent was previously filed with the Court as Doc. # 83.

2.49	At all relevant times, Plaintiff William Wimbish was employed by Defendants within the meaning of the FLSA as a salesperson. William Wimbish's Notice of Consent was previously filed with the Court as Doc. # 83.

2.50	At all relevant times, Plaintiff Gary McClelland was employed by Defendants within the meaning of the FLSA as a salesperson. Gary McClelland's Notice of Consent was previously filed with the Court as Doc. # 87.

### *Collective Action Members*

2.51	The collective action members are those employees similarly situated to the named plaintiffs as set forth above.

**B.	DEFENDANTS**

2.52	Defendant Perry Homes, A Joint Venture is a Texas general partnership and has entered an appearance in this cause.

2.53	Defendant Perry Homes, LLC is a Texas limited liability company and has entered an appearance in this cause.

2.54    Defendants are each engaged in interstate commerce with an annual volume of sales of not less than $500,000.

2.55    At all relevant times to this action, Defendants were the employer of Plaintiffs and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and compromise an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

### III. JURISDICTION AND VENUE

3.1    Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

3.2    Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b), because among other reasons, Defendants are residents of and are doing business in this district.

### IV. FACTUAL BACKGROUND

4.1    Perry Homes is a new home builder and developer with operations throughout Texas. In the past 3 years, Defendants have employed hundreds of individuals throughout the State of Texas as salespersons, including Plaintiffs and all others similarly situated.

4.2    Plaintiffs and all others similarly situated performed inside sales work and were not paid time and one-half for hours they worked over 40 in a week ("overtime compensation").

4.3    Plaintiffs and all others similarly situated frequently worked over 40 hours in a week while employed by Defendants.

4.4    Defendants' policy and/or practice was to not pay Plaintiffs and all others similarly situated overtime compensation for hours worked over 40 in a week as required by the FLSA.

4.5     Plaintiffs and all others similarly situated are non-exempt current and/or former employees of Defendants, one or more of them, who worked overtime hours as salespersons and were misclassified as exempt.

4.6     Plaintiffs and all others similarly situated were compensated only on a commission basis as salespersons.

4.7     Plaintiffs and all others similarly situated at times worked for Defendants without receiving any compensation in some pay periods.

4.8     Plaintiffs and all others situated were not paid a salary or hourly rate for work performed as salespersons.

4.9     Plaintiffs and all others similarly situated were falsely classified as exempt for purposes of overtime and were paid on a commission basis without any overtime compensation.

4.10    Plaintiffs and all others similarly situated worked in excess of 40 hours per week without any overtime compensation.

4.11    Defendants' business operations, and the wages and compensation of Plaintiffs and all others similarly situated are substantially similar, if not identical, at all of Defendants' locations throughout Texas.

4.12    Defendants knowingly failed to pay overtime to Plaintiffs and all others similarly situated in violation of the FLSA.

4.13    Defendants' conduct has been willful and in bad faith.  Plaintiffs and all others similarly situated are entitled to liquidated damages for such conduct.

4.14    Defendants' practice is to be deliberately indifferent to violations of overtime requirements.

## V.  COLLECTIVE ACTION ALLEGATIONS

5.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

5.2     Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.  Plaintiffs are aware that the illegal practices and policies of Defendants have been imposed on other workers.

5.3     The collective action, or those who are similarly situated, consists of current and former individuals who worked for Perry Homes or their subsidiaries or divisions, who in the three years preceding the filing of this suit were misclassified as exempt and were not paid minimum wages and/or overtime compensation at time and one half for hours they worked over 40 in a week in violation of the FLSA and whose job duties included performing sales of newly constructed homes from a Perry Homes sales office.  The collective action includes, without limitation, those individuals with the job title of Sales Professional, Sales Manager or with any title who performed similar duties of the named Plaintiffs and were paid as commissioned, exempt employees (referred to herein as "salespersons").

5.4     Plaintiffs and all others similarly situated shared common job duties and responsibilities as salespersons.  Thus, Plaintiffs' experiences are typical of the experience of Defendants' other salespersons.

5.5     Plaintiffs file this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. §216(b).

5.6     Plaintiffs bring these claims on their behalf and on behalf of all others similarly situated salespersons who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

5.7     Plaintiffs and those similarly situated frequently performed work unrelated to sales of newly constructed homes for which they were not compensated, including but not limited to, warranty related work, customer service, training and/or mentoring of other salespersons, as well as selling mortgages, among others.

5.8     Plaintiffs request that Defendants fully identify all others similarly situated in order that proper notice of their right to consent to participation in this collective action may be distributed.

5.9     Plaintiffs seek to represent those similarly situated who have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

5.10    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

5.11    Plaintiffs will fairly and adequately represent and protect the interests of those who are similarly situated.

## VI.  COUNT 1—VIOLATIONS OF THE FLSA

6.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2     Plaintiffs and all others similarly situated are lawfully non-exempt employees and were improperly classified as exempt employees.

6.3     Defendants have violated the FLSA by failing to pay Plaintiffs and all other similarly situated salespersons minimum wages and/or overtime compensation at a rate of one and one half for all hours worked in excess of 40 hours per week.

6.4     Defendants have not made a good faith effort to comply with the FLSA.

6.5     Each Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

6.6    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per work week, by Plaintiffs and by all other similarly situated employees.

6.7    Defendants deliberately misclassified Plaintiffs and all others similarly situated as exempt employees to avoid paying them overtime compensation.

6.8    No exemption excused the Defendants from paying Plaintiffs and all others similarly situated minimum wages and/or overtime compensation.

6.9    Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation owed to Plaintiffs and to all other similarly situated employees.

## VII. JURY DEMAND

8.1    Plaintiffs hereby demand a trial by jury.

## PRAYER

WHEREFORE Plaintiffs and all those similarly situated to them who have or will opt into this action, respectfully pray that this Court follow the certification procedures of § 216 of the Fair Labors Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from others similarly situated, and that subsequent thereto Plaintiffs and all others who opt-in to this action recover the following:

    a.    an order preliminarily and permanently restraining and enjoining Defendants from engaging in the aforementioned pay violations;

    b.    damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half), and unpaid minimum wages and other injuries, as provided by the FLSA;

    b.    liquidated damages, as provided by the FLSA, equal to the sum of the amount of wages and overtime compensation that were not properly paid;

    c.    all applicable penalties for the violations set forth herein;

d.  an award of reasonable attorney's fees, expenses, expert fees and costs incurred in vindicating the rights of Plaintiffs and all those similarly situated;

e.  an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

g.  such other and further relief, at law or in equity, as this Court deems just and appropriate.

Respectfully submitted,

*Broadus A. Spivey*
Broadus A. Spivey
Attorney-in-Charge
State Bar No. 00000076
48 East Avenue
Austin, Texas 78701
o: 512+474-6061  f: 512+474-1605
Email: bas@spivey-law.com

Rhonda H. Wills
Wills Law Firm
State Bar No. 00791943
2700 Post Oak Blvd., Suite 1350
Houston, Texas  77056
o: 713.528.4455  f: 713.528.2047
Email: rwills@rwillslawfirm.com
**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

      I hereby certify that on **February 25, 2010**, I electronically filed the foregoing document with the clerk of the court for the Western District of Texas using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

| | | |
|---|---|---|
| Geoffrey H. Bracken<br>GARDERE WYNNE SEWELL, LLP<br>1000 Louisiana, Suite 3400<br>Houston, TX 77002<br>o: 713+276-5000<br>f: 713+276-5555<br>gbracken@gardere.com | Edward D. Burbach<br>GARDERE WYNNE SEWELL, LLP<br>600 Congress Avenue<br>Austin, Texas 78701<br>o: 512+542-7070<br>eburbach@gardere.com | Merritt B. Chastain<br>GARDERE WYNNE SEWELL, LLP<br>1000 Louisiana, Suite 3400<br>Houston, TX 77002<br>o: 713+276-5206<br>f: 713+276-6206<br>mchastain@gardere.com |
| Laura Goodson<br>GARDERE WYNNE SEWELL, LLP<br>1000 Louisiana, Suite 3400<br>Houston, TX 77002<br>o: 713+276-5518<br>f: 713+276-6518 | Michael C. Brisch<br>Perry Homes, LLC<br>PO Box 34306<br>Houston, TX 77234<br>o: 713+948-7841<br>f: 713+331-8046 | |

*/s/ Broadus A. Spivey*
Broadus A. Spivey

9179P.092b